**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

BILL DEAN CARTER,

                  Petitioner-Appellant,

v.

RON WARD, Warden; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

                  Respondents-Appellees.

No. 02-6307

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 02-CV-198-H)

---

Submitted on the briefs:

Bill Dean Carter, Pro Se.

W. A. Drew Edmondson, Attorney General of Oklahoma, Brant M. Elmore,
Assistant Attorney General, Criminal Division, Oklahoma City, Oklahoma, for
Respondents-Appellees.

---

Before **TYMKOVICH** , **HOLLOWAY** , and **ANDERSON** , Circuit Judges.

---

**ANDERSON** , Circuit Judge.

---

Petitioner Bill Dean Carter appeals [1] from a district court order denying his application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted in Oklahoma state court of committing and attempting to commit lewd acts with the minor daughters of his girlfriend. After pursuing state appellate and post-conviction relief, he filed this habeas action challenging his convictions on numerous grounds: violation of statute of limitations; improper prosecutorial comment on pre-arrest silence and failure to offer evidence of innocence at trial; admission of hearsay evidence; improper closing argument; violation of double jeopardy; judicial bias; denial of speedy trial; insufficient evidence; ineffective assistance of trial and appellate counsel; misapplication of law of attempt; denial of right to present adequate defense; and cumulative error. The magistrate judge thoroughly considered his claims and recommended denying relief. The district court adopted the recommendation with minimal change and dismissed the action.

A judge of this court has granted petitioner a certificate of appealability (COA) "as to the issue of whether the prosecutor's comments and elicited testimony regarding his pre-arrest silence violated his Fifth Amendment right to

_____

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

-2-

remain silent." Order filed April 17, 2003. For reasons explained below, we affirm the denial of relief on this issue, and deny a COA and dismiss as to all other claims.

Petitioner's Fifth Amendment claim derives from two incidents at trial which suggested to the jury that he avoided the investigation of the victims' allegations of abuse. In both instances, the prosecutor indicated to the court that he was attempting to lay the groundwork for a flight instruction, not commenting on petitioner's silence. First, in his opening statement the prosecutor noted that after the victims spoke with authorities, "they never s[aw] the Defendant ever again," and that after the investigating detective left word for petitioner to contact him,"[t]he detective never hear[d] from him." Trial Tr. Vol. II at 139, 145. The prosecution returned to the latter point when the detective took the stand. On direct examination, the detective explained that he had spoken on the phone with someone identifying himself as petitioner, that he informed this person of the report of abuse that had been made, and then left his phone number so he could be reached, but despite these efforts the detective "never received a call back from anybody." Trial Tr. Vol. III at 45-48.

In both instances defense counsel objected and moved for a mistrial on the basis that petitioner's exercise of his constitutional right to remain silent was improperly, if indirectly, commented upon. The trial court denied the objection,

but cautioned that "this comes very close" to an "impinge[ment] of [petitioner's] right to assert his fifth amendment privilege" and directed the prosecutor "to be very explicit that you're commenting [instead] on what the detective did." Trial Tr. Vol. II at 142.

On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) acknowledged that these incidents "did, tangentially, reveal [petitioner's] pre-arrest silence and lack of cooperation." *Carter v. State*, No. F 99-1293, at 4 (Okla. Crim. App. Jan. 4, 2001). However, the OCCA concluded that, in any event, "because the evidence of guilt was overwhelming, any relationship between these comments and [petitioner's] right to remain silent was harmless beyond a reasonable doubt." *Id.* (citing *Chapman v. California*, 386 U.S. 18 (1967)).

The magistrate judge took a similar view in this habeas proceeding. Noting that this circuit had extended the rule of *Griffin v. California*, 380 U.S. 609, 615 (1965) (holding Fifth Amendment prohibits comment on accused's testimonial silence), and *Miranda v. Arizona*, 384 U.S. 436, 468 n.37 (1966) (holding Fifth Amendment prohibits comment on accused's silence during police custodial interrogation), to a pre-arrest, pre-*Miranda* context in *United States v. Burson*, 952 F.2d 1196, 1200-01 (10th Cir. 1991), the judge stated that "the prosecutor's remarks and [the detective's] testimony appear unconstitutional under *Burson*." R. doc. 19, at 9. However, the judge also considered the evidence of guilt to be

overwhelming and recommended that the district court uphold the OCCA's disposition as a reasonable application of the controlling *Chapman* standard. *Id.* at 14.

On review of the magistrate judge's recommendation, the district court indicated it "might not categorize the evidence of guilt as 'overwhelming,'" but nevertheless agreed that any *Burson* error was harmless. R. doc. 71, at 1 n.2. The court held in the alternative that (1) "the OCCA's assessment of the constitutional error for harmlessness under [ *Chapman* ] was not objectively unreasonable," and (2) if it reviewed the record de novo under the habeas harmless-error standard set out in *Brecht v. Abrahamson* , 507 U.S. 619 (1993), it would hold "that the objectionable evidence/comments did not have a 'substantial and injurious effect or influence in determining the jury's verdict.'" R. doc. 71 at 1-2, n.2 (quoting *Brecht* , 507 U.S. at 637).

Quite apart from the question of harmlessness, however, petitioner's claim has a fatal legal deficiency that neither the magistrate judge nor the district court noted but that we deem to be of fundamental importance. Congress has directed in unqualified terms that federal courts may not grant habeas relief on the basis of claims rejected on the merits in state court unless the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, *clearly established* Federal law, *as determined by the Supreme Court of the*

*United States* ." 28 U.S.C. §2254(d)(1) (emphasis added). Thus, an absolute prerequisite for petitioner's claim is that the asserted constitutional right on which it rests derive in clear fashion from Supreme Court precedent. *See Anderson v. Mullin* , 327 F.3d 1148, 1153 (10 th Cir. 2003) (explaining § 2254(d)(1) inquiry "begins and ends with the holdings . . . of the Supreme Court's decisions as of the time of the relevant state-court decision" (quotations omitted)), *petition for cert. filed* (U.S. Jul. 22, 2003) (No. 03-5556). Petitioner's claim does not satisfy this statutory condition.

This court, like many others, has noted that "[t]he Supreme Court has not yet ruled on whether pre- *Miranda* or prearrest silence . . . is protected by the Fifth Amendment" so as to proscribe its use by the prosecution on the issue of guilt. *Luman v. Champion* , No. 95-5275, 1997 WL 143594, at **3 (10 th Cir. March 31, 1997); *see* Stephanie Petrucci, *The Sound of Silence: The Constitutionality of the Prosecution's Use of Prearrest Silence in its Case-In-Chief* , 33 U.C. Davis L. Rev. 449, 451 (2000). Indeed, the Supreme Court specifically left that issue undecided in *Jenkins v. Anderson* , 447 U.S. 231 (1980), when it held that the Fifth Amendment did *not* prohibit the use of pre-arrest silence for purposes of impeachment, *see id.* at 236 n.2, 238. The circuit courts have debated the matter ever since with no decisive majority position emerging. *See Combs v. Coyle* , 205 F.3d 269, 281-83 (6 th Cir. 2000) (discussing decisions from three circuits

which have prohibited prosecution's substantive use of defendant's pre-arrest silence and three circuits which have permitted the practice).

For obvious reasons, the Supreme Court's express reservation of an issue of law precludes a determination under § 2254(d)(1) that a later state court decision rejecting a claim turning on that issue is "contrary to" clearly established Supreme Court precedent. *Anderson*, 327 F.3d at 1155 ("'If no Supreme Court precedent is *dispositive* of a petitioner's claim, then, a fortiori, there is no specific rule to which the state court's decision can be "contrary."'" (quoting *Vieux v. Pepe*, 184 F.3d 59, 63 (1 st Cir. 1999)). Thus, "[t]he Court's express reservation in [ *Jenkins* ] disposes of petitioner's [Fifth Amendment] argument under the 'contrary to' clause of section 2254(d)(1)." *Id.*[2]

We must still consider whether petitioner could prevail, alternatively, under § 2254(d)(1)'s "unreasonable application" clause. That provision

> applies in two scenarios: first, where the state court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts . . .; second, where the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably

---

[2] We note that the state courts did not discuss *Griffin*, *Miranda*, or *Jenkins*. However, the effect of § 2254(d)(1)'s limitation on habeas relief does not turn on the state courts' "citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [those] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Thus, the critical point is that the state courts could not have contradicted Supreme Court case law *that did not govern the particular result here*.

refuses to extend that principle to a new context where it should apply.

*Valdez v. Ward*, 219 F.3d 1222, 1229-30 (10 th Cir. 2000) (quotations omitted). It follows from what we have already said that there is no "governing legal rule from the Supreme Court's cases" here. We are thus concerned only with the second scenario, i.e., was it unreasonable not to extend and enforce the rule prohibiting prosecutorial comment on silence from the custodial/testimonial context to the pre-arrest context? Here we heed the Supreme Court's emphatic instruction that " *unreasonable* . . . is different from . . . *incorrect* ." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (quotation omitted). Given the reasoned differences of opinion summarized in recent decisions from either side of the circuit split noted above, *compare Combs*, 205 F.3d at 282-83 *with United States v. Oplinger*, 150 F.3d 1061, 1066-67 (9 th Cir. 1998), we hold that petitioner cannot excuse the lack of Supreme Court precedent for his claim by invoking the precedent-extension principle associated with § 2254(d)(1)'s "unreasonable application" clause. Accordingly, habeas relief on the claim is foreclosed by the statute.

Finally, we have reconsidered petitioner's COA application to confirm the implicit determination of the circuit judge who previously granted a COA on the Fifth Amendment issue, that petitioner has not "made a substantial showing of the denial of a constitutional right" with respect to any additional issues. 28 U.S.C.

§ 2253(c)(2).  Upon review of the relevant materials, we conclude that reasonable jurists would not find the district court's disposition of the remaining claims wrong or even debatable and, therefore, deny a COA and dismiss as to all such claims.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The judgment of the district court is AFFIRMED.  The motion filed by Mr. Timothy Hurley to appear on behalf of the petitioner is denied.