**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CHERI SMITH,

      Petitioner-Appellant,

v.

WILLIAM SNODGRASS, New
Mexico Women's Correctional
Facility; MARK RADOSEVICH,
Director, New Mexico Adult Probation
& Parole; PATRICIA MADRID,
Attorney General, State of New
Mexico,

      Respondents-Appellees.

No. 03-2270
(D.C. No. CIV-03-142 WPJ/RHS)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **HARTZ** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner Cheri Smith appeals from the denial of habeas relief sought as to both an initial state felony conviction and subsequent state proceedings to revoke the probation she was granted with respect to the resultant sentence.  The district court held that the claims challenging the conviction were time-barred and that petitioner had not established any right to relief with regard to the revocation proceedings.  The district court then granted a certificate of appealability limited to petitioner's due process challenge to the revocation proceedings.  For reasons stated below, we affirm the denial of the due process claim and deny petitioner's request to expand the certificate of appealability to include all other claims raised in the petition.

Petitioner was convicted in New Mexico state court of felony fraud and embezzlement and the misdemeanor of acting as an insurance consultant without a licence.  She received consecutive sentences of three years for each felony and six months for the misdemeanor.  All but eighteen months was suspended, however, and she was placed on five years' probation with several conditions, including payment of $7,901.40 in restitution, execution of a promissory note to guarantee the payment, and provision of documentation from any future employer indicating notification of her embezzlement conviction.

In a decision issued November 17, 2000, the New Mexico Court of Appeals vacated petitioner's misdemeanor conviction, but affirmed the judgment in all other respects. Petitioner did not seek review in the New Mexico Supreme Court by the December 7, 2000 deadline, *see* N.M. R. App. P. 12-502(B), and the court of appeals' mandate subsequently issued on February 15, 2001.

By then petitioner had gained her release under the probation conditions noted above. Pursuant to an interstate compact, she was allowed to transfer her probation to Arizona, where she found employment. Since that time petitioner's compliance with her probation conditions has been a persistent issue, prompting (a) a revised probation order setting out more specific terms regarding restitution payment; (b) several motions by the State to revoke petitioner's probation and a bench warrant based on her failure to appear at a hearing; (c) several motions by petitioner to dismiss the proceedings and quash the bench warrant; and (d) efforts by petitioner to obtain appellate and mandamus relief in the state courts.

While the revocation proceedings continued without resolution, petitioner commenced this action in the federal district court for New Mexico on January 30, 2003, raising a host of complaints about the revocation proceedings and her underlying criminal prosecution. Adopting the magistrate judge's recommended analysis, the district court held that petitioner's claims regarding

her convictions were time-barred under 28 U.S.C. § 2244(d), and then rejected her objections to the revocation proceedings for various reasons.

As for petitioner's motion to expand the certificate of appealability beyond the due process claim previously certified for appeal, we have considered the pertinent materials, concluded "that reasonable jurists would not find the district court's disposition of the remaining claims wrong or even debatable," and, therefore, deny the motion. *Carter v. Ward*, 347 F.3d 860, 865 (10 th Cir. 2003) (applying standard from *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Thus, our appellate review is limited to the disposition of petitioner's due process challenge to her probation revocation proceedings.

Notwithstanding the unitary reference by the district court in the certificate of appealability, there is, in fact, no single "due process" claim designated in the habeas petition. Rather, a number of objections that could fall under that general rubric are scattered throughout the petition's claims regarding the revocation proceedings. Of these, petitioner argues on appeal that the State has deprived her of certain procedural rights constitutionally guaranteed at revocation proceedings; that the State has also failed to comply with specific procedural provisions of the interstate compact that authorized the transfer of her probation to Arizona; and that she should have been afforded counsel as a matter of due process. None of these contentions has merit.

Petitioner claims that she was not afforded the prompt preliminary hearing "at or reasonably near the place of the alleged [probation] violation," to which she was entitled under *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding probation revocation procedure must comply with "conditions specified in *Morrissey v. Brewer*" for parole revocation). But this preliminary-hearing requirement is inapposite here, where the State pursued revocation while permitting petitioner to remain at liberty. This point was clarified some time ago:

> *Gagnon v. Scarpelli*, . . . and the decision on which it is based, *Morrissey v. Brewer*, . . . , prescribe a two-stage procedure for parole and probation revocation: a preliminary hearing on whether there is probable cause to believe the terms of release were violated, and a subsequent final hearing on the merits. In those cases, however, the respondents were held in custody until the revocation hearing. The reason for requiring a preliminary hearing was that the conditional liberty of a probationer or parolee, like the more complete liberty of others, cannot constitutionally be infringed without probable cause. This reason for requiring a preliminary hearing is not present when, as here, the probationer is not held in custody to await the revocation hearing.

*United States v. Sciuto*, 531 F.2d 842, 846 (7th Cir. 1976) (following *United States v. Strada*, 503 F.2d 1081, 1084 (8th Cir. 1974)); *see also McDonald v. N.M. Parole Bd.*, 955 F.2d 631, 633-34 (10th Cir. 1991) (holding *Morrissey's* "hearing requirements and time limitations must be adhered to only after the parolee is taken into custody as a parole violator[;] . . . [u]ntil he is, he has not been deprived of a liberty interest").

-5-

Petitioner also complains of the time that has passed since the State first sought to revoke her probation in September 2001. *Morrissey* holds that a final revocation hearing, i.e., one that "lead[s] to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation," 408 U.S. at 488, "must be tendered within a reasonable time," *id.* (noting "lapse of two months . . . would not appear to be unreasonable"). Again, however, the deprivation of liberty prompting the *Morrissey* Court to impose this time constraint (and the event triggering calculation of the length of delay) was the fact that "the parolee is taken into custody." *Id.; see Moody v. Daggett,* 429 U.S. 78, 87 (1976) ("[I]n holding [in *Morrissey* ] that the revocation hearing must be tendered within a reasonable time after the parolee is taken into custody, . . . we established execution of the [revocation] warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon the parole revocation." (quotation omitted)). Hence, this aspect of *Morrissey* is distinguishable here for the same reason that its preliminary-hearing requirement is inapposite.

That is not to say due process places no temporal constraints whatsoever on revocation proceedings conducted without taking the probationer into custody. Thus, for example, extended unjustified delay in executing a revocation warrant, which by definition precedes *Morrissey-Gagnon* custody concerns, may implicate

due process if the delay is demonstrably prejudicial to the violator's ability to defend. *See United States v. Tippens*, 39 F.3d 88, 90 (5 th Cir. 1994); *United States v. Taylor*, 931 F.2d 842, 848 (11 th Cir. 1991). We need not delve deeply into this question, however, as petitioner has not demonstrated any prejudice of constitutional significance. This is not a case of process withheld or postponed for some extended period; on the contrary, there has been a surfeit of process, including many motions and pleadings from petitioner, that has delayed resolution of the matter since the State first moved for revocation in 2001. Moreover, the State's efforts to revoke probation do not stem from a single incident receding into an unrecoverable past; the State has repeatedly moved for revocation based on, among other things, petitioner's continuing failure to make restitution.

Petitioner's claim that the State has violated procedures specified in the interstate compact authorizing her transfer to Arizona are meritless. The relevant sections of the compact simply acknowledge the due process requirement of a preliminary revocation hearing recognized in *Morrissey* and *Gagnon* and, given the interstate-transfer context, provide for it in the receiving state. *Interstate Comm'n for Adult Offender Supervision Rules*,[1] § 5.108 (2004) (formerly *Parole and Prob. Compact Adm'r's Ass'n Rules*, §§ 5-102, 5-104). For reasons already explained, this requirement is inapplicable here.

---

[1] These Rules may be found at www.adultcompact.org. (March 12, 2004).

Finally, petitioner claims that she is entitled to appointment of counsel in the revocation proceedings pursuant to *Gagnon*, which recognized that there are "certain cases in which fundamental fairness–the touchstone of due process–will require that the State provide at its expense counsel for indigent probationers or parolees." 411 U.S. at 790. *Gagnon* noted, however, that the determination whether counsel is necessary is addressed in the first instance to the "sound discretion" of the State, and cautioned that "the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings." *Id.* An important consideration is "whether the probationer appears to be capable of speaking effectively for himself." *Id.* 791. Petitioner has not, consistent with these principles, demonstrated that fundamental fairness requires the State to provide her with appointed counsel to assist with her thus-far effective opposition to its effort to revoke her probation.

Petitioner's motion to expand the certificate of appealability to include all issues raised in her habeas petition is DENIED. The judgment of the district court denying the petition is AFFIRMED. Petitioner's February 19, 2004, motion for an order directing the State to expand the record, April 13, 2004, renewed motion for an order to show cause why her habeas petition should not be granted, and April 27, 2004, renewed motion to hold the New Mexico Attorney General

and its counsel of record in contempt are DENIED.  Petitioner's July 6, 2004,

motion to file a supplemental appendix is GRANTED.


                                        Entered for the Court


                                        Paul J. Kelly, Jr.
                                        Circuit Judge