**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK E. CARROLL,

    Plaintiff-Appellant,

  v.

CHARLES SIMMONS, Secretary of
Corrections; L. E. BRUCE, Warden,
Hutchinson Correctional Facility;
CARLA STOVALL, Attorney General;
DONALD DAHL; and WAYNE
BRAWNER, Warden,

    Defendants-Appellees.

No. 03-3236

(D.C. No. 00-CV-3402-GTV)

(D. Kansas)

**ORDER AND JUDGMENT** *

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

---

 *After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Plaintiff Mark E. Carroll, appearing pro se, appeals the dismissal of a civil rights action in which he challenged a sexual-abuse-treatment program in Kansas prisons. The district court dismissed the action. We affirm.

## I.    BACKGROUND

Plaintiff was convicted of rape and aggravated sodomy, and is currently incarcerated in Hutchinson Correctional Facility in Hutchinson, Kansas, serving a fifteen-year-to-life sentence. In light of the nature of Plaintiff's convictions, prison officials concluded that he should participate in the Kansas Sexual Abuse Treatment Program (SATP). The program requires inmates to admit responsibility for the crime for which they have been committed and to complete a sexual history form. Plaintiff has not been permitted to participate in the program due to his refusal to admit to his crimes and to his pursuit of habeas relief on the ground that he is actually innocent. Because he is not enrolled in the SATP, Plaintiff remains at incentive level one of the Kansas Department of Corrections earnable-privilege system. He is consequently treated less favorably than he was before he refused to participate in the SATP.

On October 26, 2000, Plaintiff filed an action against Charles Simmons, the Secretary of the Kansas Department of Corrections, and Louis E. Bruce, the warden of the Hutchinson Correctional Facility, under 42 U.S.C. § 1983, alleging that his constitutional rights were being violated by the SATP. His complaint

alleged that (1) punishing him for refusing to admit his guilt amounted to a violation of his Fifth Amendment privilege against self-incrimination; (2) Kansas Secretary of Corrections Internal Management Policy and Procedure (IMPP) 11-101 was improperly being applied to him retroactively; (3) he had been subjected to harassment, defamation of character, and discrimination; (4) his property had been taken from him; (5) he lost good-time credits and was denied a parole hearing because he was not enrolled in the SATP; (6) he had been denied equal protection of the law; (7) his Eighth Amendment rights had been violated; and (8) his Fourth Amendment rights had been violated. On February 26, 2001, Plaintiff filed an amended complaint naming as additional defendants, Carla Stovall, Kansas Attorney General, Donald Dahl, a member of the Kansas House of Representatives, and Wayne Brawner, Classification Administrator of the Hutchinson Correctional Facility. The amended complaint also contained the following new claims: (1) that Kan. Stat. Ann. §§ 22-3717 and 75-5210(a) were improperly being applied to him retroactively; and (2) that he had been denied privileges and immunities. The crux of Plaintiff's complaints, however, was that he was suffering from a violation of his Fifth Amendment rights similar to the violation that had been found in *Lile v. McCune*, 224 F.3d 1175 (10th Cir. 2000).

On January 16, 2002, Plaintiff filed a "Motion for Provisional Remedies" in which he complained about being held under maximum-custody conditions in

violation of the Eighth Amendment, and discussed issues relating to sentencing and parole in some detail. Then, while Plaintiff's case was pending, the Supreme Court reversed this court's decision in *Lile*, holding that the SATP did not violate Mr. Lile's Fifth Amendment privilege against self-incrimination. *McCune v. Lile*, 536 U.S. 24, 48 (2002). As a result, the district court in this case issued an order directing Plaintiff to show cause why his claims should not be dismissed under *McCune*. The order also denied Plaintiff's "Motion for Provisional Relief," rejecting his attempt to amend the complaint to add new claims and noting that Plaintiff had already amended his complaint once.

In response to the show-cause order, Plaintiff asserted that his privilege against self-incrimination was being violated (notwithstanding the Supreme Court's decision in *McCune)*. He also contended that (1) he was being denied the same privileges as other inmates as a result of his refusal to make a false confession (we consider this argument to be a combination of Plaintiff's equal-protection claim and his claim for violation of his privilege against self-incrimination); (2) he had suffered a loss of good-time credits, denial of parole hearings, and a lengthening of his sentence for refusing to make a false confession (we view this as simply a restatement of Plaintiff's claim that his privilege against self-incrimination had been violated); (3) Kan. Stat. Ann. §§ 22-3717 and 75-5210(a) were being improperly applied to him retroactively; (4) his

Eighth Amendment rights were being violated because his sentence had been unlawfully lengthened, and because he had been falsely imprisoned and punished for refusing to make a false confession; and (5) he had been subjected to double jeopardy by the parole board's consideration of the serious nature of the offenses of which he had been convicted when deciding whether he should be paroled.

On July 24, 2003, the district court concluded that "plaintiff's claims under the Fifth Amendment are defeated by McCune v. Lile," and dismissed Plaintiff's claims. R. Doc. No. 20 at 2. The court also noted that "[t]o the extent plaintiff pursues relief on sentencing and parole claims, the court previously denied plaintiff leave to amend the complaint to add such claims." *Id.* at 1.

Plaintiff now appeals. As best we can understand his brief, he contends that (1) his due process and equal protection rights are being violated because, despite having rescinded his refusal to participate in the SATP, he is denied advancement in level due to his pursuit of federal habeas relief based on a claim of actual innocence; (2) he is being subjected to cruel and unusual punishment; (3) Kansas has labeled him mentally ill without a civil commitment hearing; (4) his due process rights have been violated as a result of his being punished for not submitting to forced psychological treatment; (5) because he is permanently on level-one status, he is improperly being subjected to solitary confinement; (6) because he is unable to advance in levels, he has only minimal access to the

courts and "legal tools"; (7) his equal-protection rights are being violated because he is not treated like other prisoners; (8) Kansas has knowingly attempted to force him to make false confessions; (9) the Kansas level system is improperly being applied to him retroactively, in violation of the Ex Post Facto Clause; (10) he has suffered a permanent reduction in wages as a result of his inability to advance beyond level one; (11) his sentence was extended (apparently in violation of his privilege against self-incrimination); (12) he has been denied a parole hearing (apparently in violation of his privilege against self-incrimination); (13) the district court erred when it dismissed his claims after Defendants failed to file a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and to answer Plaintiff's complaint, in violation of the court's own order; (14) the district court failed to timely decide the case, but instead waited for the Supreme Court's decision in *McCune*; and (15) the district court should have addressed the supplemental issues raised in Plaintiff's response to the show-cause order, and permitted him to name new defendants.

## II.    STANDARD OF REVIEW

We review the dismissal of Plaintiff's complaint de novo. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1240 (10th Cir. 2003). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it

would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "[W]e must liberally construe the allegations of a pro se complaint." *Id.* "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.*

## III.  DISCUSSION

Of Plaintiff's 15 contentions on appeal, contentions (1), (3), (4), (5), (6), (10), (13), and (14) were not raised below. We address only those contentions that he preserved in the district court. *See Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1385-86 (10th Cir. 1997).

### A.    Contention 2:  Eighth Amendment

Plaintiff asserts that the consequences of his failure to participate in the SATP amount to cruel and unusual punishment, in violation of the Eighth Amendment. We recently rejected a nearly identical argument in *Gwinn v. Miller*, 2004 WL 49840, *14 (10th Cir. 2004). We again conclude that the loss of certain privileges and good-time credits due to a refusal to participate in a treatment program designed to rehabilitate sex offenders does not rise to the level of cruel and unusual punishment.

### B.    Contention 7:  Equal Protection

Plaintiff alleges that his equal-protection rights are being violated because he is not treated the same as other prisoners. "[A]bsent an allegation of a suspect classification, our review of prison officials' differing treatment of various inmates is quite deferential: in order to withstand an equal-protection challenge, those classifications must be reasonably related to a legitimate penological purpose." *Gwinn*, 2004 WL 49840 at *15. Plaintiff's treatment differs from that of other inmates because he has refused to participate in the SATP. Prison officials determined that Plaintiff (as opposed to some other prisoners) should participate in the program because he had committed sex offenses. As we held in *Gwinn,* a requirement that a sex offender participate in a treatment program bears a rational relationship to rehabilitative objectives. *Id.* Accordingly, we reject Plaintiff's equal-protection claim.

## C. Contentions (8), (11), and (12): Privilege Against Self-incrimination

To the extent that Plaintiff continues to allege a violation of his Fifth Amendment privilege against self-incrimination, we conclude that the district court properly dismissed his claim. In *McCune* the Supreme Court held that the Kansas SATP—the same program involved in this case—did not violate the plaintiff's right against self-incrimination. *See McCune,* 536 U.S. at 48-49 (O'Connor, J., concurring). The circumstances addressed in that case are virtually identical to those faced by Plaintiff, with the only notable distinction being that

Plaintiff, unlike the plaintiff in *McCune*, alleged that he had been denied good-time credits (resulting in ineligibility for parole) as a result of his refusal to admit guilt. *See* R. Doc. No. 5 at 3; *McCune*, 536 U.S. at 38 ("In the present case, respondent's decision not to participate in the Kansas SATP did not extend his term of incarceration. Nor did his decision affect his eligibility for good-time credits or parole."). But any attempt by Plaintiff to distinguish his situation from that involved in *McKune* on this basis must fail in light of our decision in *Searcy v. Simmons*, 299 F.3d 1220, 1226-27 (10th Cir. 2002), which held that the plaintiff's privilege against self-incrimination was not violated even though his refusal to make the admissions required for participation in a sexual-abuse-treatment program caused him to lose good-time credits. Moreover, in *Gwinn*, 2004 WL at *13, in the course of rejecting a similar argument, we noted that "parole decisions are . . . discretionary," and held that Mr. Gwinn's "choice between the opportunity to earn [good-time] credits . . . and retain favorable parole status or declining that opportunity by refusing to participate in the treatment program . . . did not rise to a level where it [was] likely to compel a person to be a witness against himself." *See also Payne v. Kan. Parole Bd.*, 887 P.2d 147, 151 (Kan. Ct. App. 1994) ("The [Kansas Parole Board] has sole authority to grant or deny parole and is vested with broad discretion in how it

-9-

determines if inmates will be paroled."). Accordingly, we conclude that the district court correctly dismissed Plaintiff's Fifth Amendment claim.

### D.    Contention 9:  Retroactive Application of IMPP 11-101

Plaintiff's crimes occurred on November 18, 1990.  The incentive-level system of which he complains was implemented by IMPP 11-101, which took effect in 1996.  *See Vinson v. McKune*, 960 P.2d 222, 223 (Kan. 1998).  Plaintiff consequently contends that the application of IMPP 11-101 to him amounts to a violation of the Ex Post Facto Clause.

The Kansas Supreme Court has considered this issue.  It concluded that although IMPP 11-101 "may affect the conditions upon which the inmate's sentence is served," its provisions "do not increase punishment beyond what was prescribed when the crime was consummated," and therefore do not violate the Ex Post Facto Clause.  *Vinson*, 960 P.2d at 224-25.  We agree.  "[T]he *ex post facto* prohibition . . . forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred."  *Weaver v. Graham*, 450 U.S. 24, 30 (1981).  The incentive-level system simply provides a mechanism by which the Department of Corrections may effectively manage prisoners.  Its application to Plaintiff has not resulted in an increase in the penalty for the offenses of which he was convicted.  Plaintiff has therefore not stated a claim for an ex post facto violation.

**E. Contention 15: District Court's Refusal to Allow Plaintiff to Amend his Complaint**

Plaintiff asserts that the district court should have considered supplemental issues that he raised in his response to the show-cause order. The court's ruling was correct, however, because the supplemental issues lacked merit. The sole new issue raised was the claim that he was subjected to double jeopardy when the Parole Board considered the serious nature of the crime of which he was convicted. We disagree.

"The Double Jeopardy Clause protects defendants against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Anderson v. Mullin*, 327 F.3d 1148, 1153 (10th Cir. 2003) (internal quotation marks omitted). "Because the denial of parole does not change the length of a prisoner's sentence, it is not the imposition of more than one punishment for the same offense as prohibited by the double jeopardy clause." *Mahn v. Gunter*, 978 F.2d 599, 602, n.7 (10th Cir. 1992) (internal quotation marks omitted); *see also Kell v. United States Parole Comm'n*, 26 F.3d 1016, 1020 (10th Cir. 1994) ("Parole determinations are not viewed as criminal punishment subject to the Double Jeopardy Clause.") Plaintiff has consequently not been subjected to double jeopardy. He has not been prosecuted a second time, and the Parole Board's decision to deny him parole does not constitute an additional punishment

for the same offense. Therefore, Plaintiff's response to the show-cause order does not state a claim for a double jeopardy violation.

## IV.    CONCLUSION

WE AFFIRM the district court's dismissal of Plaintiff's claims.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge