F I L E D
United States Court of Appeals
Tenth Circuit

APR 25 2003

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DARRON B. ANDERSON, a/k/a
Damon Anderson,

        Petitioner - Appellant,

v.

MIKE MULLIN, Warden, Oklahoma
State Penitentiary,

        Respondent - Appellee.

No. 01-5181

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D. Ct. No. 98-CV-374-H)

---

Darron B. Anderson, pro se.

Michael A. Rollin (Timothy M. Hurley, with him on the briefs), Denver,
Colorado, appearing for Petitioner-Appellant.

Kellye G. Bates, Assistant Attorney General (W.A. Drew Edmondson, Attorney
General, with her on the brief), Office of the Attorney General, Oklahoma City,
Oklahoma, appearing for Respondent-Appellee.

---

Before **TACHA**, Chief Circuit Judge, **ANDERSON**, and **O'BRIEN**, Circuit
Judges.

---

**TACHA**, Chief Circuit Judge.

Petitioner Darron B. Anderson appeals the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2254. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and AFFIRM.

## I. BACKGROUND

In the early morning hours of January 4, 1993, three men kidnapped, robbed, assaulted, and repeatedly raped and sodomized Penny Sue Stuckey. An Oklahoma jury subsequently convicted petitioner Darron B. Anderson of kidnapping, multiple counts of first degree rape and forcible sodomy, first degree burglary,[1] robbery by fear, and grand larceny.

On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) reversed and remanded on all counts. While it reversed most of the counts for instructional error, the OCCA reversed the first degree burglary conviction for insufficient evidence. The court expressly found, however, that the evidence presented to the jury was insufficient only as to the element distinguishing first degree burglary from the lesser included offense of second degree burglary: i.e., the requirement that the dwelling house be occupied at the time of the breaking

---

[1] At this trial petitioner was not indicted for, nor was the jury instructed on, the lesser included offense of second degree burglary.

and entering.[2]  Specifically, the court stated:

> Appellants contend the evidence was insufficient to sustain convictions for First Degree Burglary as the State failed to prove all of the elements of the offense, specifically that the dwelling house was occupied at the time of the breaking and entering.  Under the language of 21 O.S. 1991, § 1431, the breaking and entering must occur when there is a person within the dwelling house.  In the present case, Appellants forced the victim to open a window, crawl inside the house and then let them inside the house.  At the time of the victim's entry, the house was empty.  Her presence in the house, by virtue of merely crawling in the window first, does not satisfy the requirements of first degree burglary.
>
> . . . .
>
> The evidence clearly showed that Appellants broke into the victim's home, thereby satisfying the elements for the lesser included offense of 2nd degree Burglary.

*Anderson v. State*, No. F-93-826, slip op. at 3-4 & n.1 (Okla. Crim. App. October 12, 1995) (citing OKLA. STAT. ANN. tit. 21, § 1435 and *McArthur v. State*, 862 P.2d 482, 485 (Okla. Cr. App. 1993)).

Oklahoma law authorizes the OCCA to reverse, affirm, or modify the appellant's judgment and sentence.  OKLA. STAT. ANN. tit. 22, § 1066.  Here, having found the evidence insufficient to support conviction on the greater offense but sufficient to support conviction for the lesser included offense, section 1066 authorized the OCCA to reverse petitioner's conviction for first

---

[2] *Compare* OKLA. STAT. ANN. tit. 21, § 1431 (first degree burglary) *with* OKLA. STAT. ANN. tit. 21, § 1435 (second degree burglary).

-3-

degree burglary and impose a conviction for the lesser included offense of second degree burglary. *McArthur*, 862 P.2d at 485 (construing OKLA. STAT. ANN. tit. 22, § 1066). Thus, while the OCCA could have imposed a conviction for second degree burglary, it instead remanded the modified burglary charge to the Tulsa County District Court along with the rest of the remanded charges, effectively granting petitioner a second chance at acquittal. [3]

At petitioner's second trial, the Tulsa County District Court judge amended the burglary charge from first degree burglary to the lesser included offense of second degree burglary. Before the trial court, petitioner argued that prosecution for second degree burglary would violate the Double Jeopardy Clause of the U.S. Constitution. The trial court rejected petitioner's contention. The second trial, like the first, resulted in petitioner's conviction on all counts, including second degree burglary.

Petitioner pursued a second direct appeal to the OCCA. With the exception of petitioner's conviction for grand larceny, which the OCCA vacated, the appellate court affirmed as to all counts.

On May 4, 1998, Anderson filed a pro se petition for habeas relief in the United States District Court for the Eastern District of Oklahoma, pursuant to 28

---

[3] In fact, one of the judges on the OCCA panel voted to impose a conviction for second degree burglary under section 1066. *Anderson*, No. F-93-826, slip op. at 4 (Lumpkin, J., concurring in part, dissenting in part).

U.S.C. § 2254. The cause was then transferred to the Northern District of Oklahoma. In his petition, Anderson reasserted his argument that, following the reversal of his conviction for first degree burglary for insufficient evidence, the Double Jeopardy Clause barred prosecution on the lesser included offense of second degree burglary. The district court denied his petition, and petitioner sought a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1). The district court denied petitioner's request, and this appeal followed.

In an order dated August 7, 2002, finding that petitioner had made a substantial showing of the denial of a constitutional right, *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), we appointed petitioner counsel and granted a COA on the following three questions:

(1) May a state appellate court, upon concluding there is evidence insufficient to support a conviction on a greater offense, remand to the trial court for retrial on a lesser included offense?

(2) If so, is such a procedure permissible only where the defendant was indicted and the jury instructed on the lesser included offense?

(3) Are there other conditions that should affect the availability of such a procedure? [4]

_____

[4] In briefing these questions, we directed the parties to address, at a minimum, the following three cases: *Brown v. Ohio*, 432 U.S. 161 (1977), *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988), and *Shute v. Texas*, 117 F.3d 233 (5th Cir. 1997).

II. DISCUSSION

A.    Standard of Review

"In reviewing the denial of a habeas corpus petition, we review the district court's factual findings under a clearly erroneous standard, and its legal conclusions de novo."    *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), however, "circumscribes a federal habeas court's review of a state-court decision." *Lockyer v. Andrade*, __ U.S. __, 123 S. Ct. 1166, 1172 (2003). Ultimately, "our review of the state court's proceedings is quite limited,"    *Rogers*, 173 F.3d at 1282, as section 2254(d) sets forth a "highly deferential standard for evaluating state-court rulings,"    *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997).

B.    Overview of the AEDPA

Under the AEDPA, we must deny habeas relief unless the state appellate court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1);    *Andrade*, 123 S. Ct. at 1172;    *LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999). The Supreme Court clarified this standard in    *Williams v. Taylor*:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable

facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000).

Under the "unreasonable application" clause, the Court in *Williams* stressed that the relevant inquiry is not whether the state court's application of federal law was *incorrect*, but whether it was "objectively unreasonable." *Id.* at 409. Thus, we may not grant habeas relief merely because we disagree with the state court's application of double jeopardy principles. *Id.* at 411. Nor do we reason from constitutional first principles; rather, our inquiry is tightly constrained by the AEDPA's requirement that there be clearly established federal law on point, an inquiry that begins and ends with "'the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision.'" *Andrade*, 123 S. Ct. at 1172 (quoting *Williams*, 529 U.S. at 412).

C. *Was the OCCA's Adjudication Contrary to, or an Objectively Unreasonable Application of, Clearly Established Supreme Court Precedent?*

Petitioner argues that his prosecution for second degree burglary violated clearly established federal law, reasoning as follows: (1) second degree burglary is a lesser included offense of first degree burglary, and the two therefore constitute the "same offense" for double jeopardy purposes; (2) the OCCA

reversed his conviction for first degree burglary for insufficient evidence; (3) appellate reversal for insufficient evidence is the functional equivalent of an acquittal; and (4) an acquittal terminates the original jeopardy and invokes the double jeopardy bar on successive prosecutions. Although petitioner points to Supreme Court holdings that, at least arguably, support every link in this chain, we disagree with his conclusion.

To determine whether the OCCA's decision was contrary to, or an unreasonable application of, clearly established Supreme Court precedent, we must first determine precisely what the Court has held in this regard. We must, therefore, consult the Supreme Court's holdings as to the protections offered by the Double Jeopardy Clause and the double jeopardy effects of a reversal for insufficient evidence. We consider each issue in turn.

1.      Protections Under the Double Jeopardy Clause

a.      General overview

The Double Jeopardy Clause protects defendants against (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794 (1989). Before the clause is implicated, however, some event, such as an acquittal, must terminate the original jeopardy.

*Richardson v. United States*, 468 U.S. 317, 325 (1984).

> b.      Greater and lesser included offenses are generally the "same offense" for double jeopardy purposes.

In *Blockburger v. United States*, in the context of unrelated criminal offenses, the Court articulated the following general rule:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

284 U.S. 299, 304 (1932). Subsequent cases make clear that, where the protections of the Double Jeopardy Clause have attached, prosecution for a greater offense generally bars prosecution for a lesser included offense. *United States v. Dixon*, 509 U.S. 688, 706-07 (1993).

The Oklahoma courts have held that second degree burglary, OKLA. STAT. ANN. tit. 21, § 1435, is a lesser included offense of first degree burglary, OKLA. STAT. ANN. tit. 21, § 1431. In other words, under Oklahoma's construction of these two provisions, "[t]he prosecutor who has established [second degree burglary] need only prove [that the dwelling house was occupied at the time of the breaking and entering] in order to establish [first degree burglary]; the prosecutor who has established [first degree burglary] necessarily has established [second degree burglary] as well." *Brown v. Ohio*, 432 U.S. 161, 167-68 (1977).

Thus, "conviction of [the] greater crime, [first degree burglary], cannot be had without conviction of the lesser crime, [second degree burglary]." *Harris v. Oklahoma*, 433 U.S. 682, 683 (1977). Accordingly, applying *Blockburger*, first and second degree burglary under Oklahoma law constitute "'the same statutory offense' within the meaning of the Double Jeopardy Clause." *Brown*, 432 U.S. at 168.

    2.    The Effect of Appellate Reversal for Insufficient Evidence:

            *Ball*, *Burks*, and *Greene*

The narrow issue before us, then, is this: whether Oklahoma's act of prosecuting petitioner for the lesser included offense of second degree burglary, following reversal of petitioner's first degree burglary conviction based solely and expressly upon a finding of insufficient evidence as to the element distinguishing first and second degree burglary, was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent under the Double Jeopardy Clause. [5] We conclude that it did not.

We note, at the outset, that our inquiry is not satisfied by the definitive-sounding pronouncement in *Brown*, in which the Court stated: "Whatever the

---

[5] We consider this question in light of both the OCCA's express finding that the evidence presented to the jury satisfied the requirements for the lesser offense and its statutory authority to impose a conviction on the lesser offense without further process.

sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." 432 U.S. at 169. Prior to making this pronouncement, the Court explicitly noted "[w]e are not concerned here with the double jeopardy questions that may arise when a defendant is retried on the same charge . . . after a conviction is reversed on appeal." *Id*. at 165 n.5. Thus, the Court in *Brown* removed from the table precisely the issue before us, and its broad statement does not control the result in this case.

In *United States v. Ball*, the Supreme Court declared the general rule, still applicable today, that the Double Jeopardy Clause does not bar retrial of a criminal defendant who successfully appeals his sentence. 163 U.S. 662, 672 (1896). As the Court itself has acknowledged, however, its double jeopardy cases in the century following *Ball* "can hardly be characterized as models of consistency and clarity." *Burks v. United States*, 437 U.S. 1, 9 (1978).

In *Burks*, the Court reaffirmed the general rule set forth in *Ball*, but overruled many of its prior cases to clarify the distinction between the double jeopardy effects of appellate reversal for *insufficient evidence* and appellate reversal for *trial error*.[6] Carving out a narrow exception to the general rule

---

[6] "[R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has
(continued...)

-11-

established in *Ball*, the Court held that "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient." *Burks*, 437 U.S. at 18. The Court has subsequently reemphasized the limited scope of the *Burks* exception. *Tibbs v. Florida*, 457 U.S. 31, 40 (1982) ("[*Burks*] . . . carved a *narrow* exception from the understanding that a defendant who successfully appeals a conviction is subject to retrial.") (emphasis added).

Finally, in *Greene v. Massey*, a companion case decided the same day as *Burks*, the Court applied the *Burks* exception to a state criminal court proceeding. 437 U.S. 19, 24 (1978). Significantly, however, the Court expressly declined to reach the question of whether the *Burks* exception barred a subsequent prosecution for a lesser included offense:

> Given our decision to remand this case for reconsideration by the
> Court of Appeals, we need not reach the question of whether the
> State could, consistent with the Double Jeopardy Clause, try [a
> defendant] for a lesser included offense in the event that his

---

[6](...continued)
failed to prove its case. . . . Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect." *Burks*, 437 U.S. at 15. In *Tibbs v. Florida*, the Court further distinguished reversals where the reviewing court concludes that the jury's verdict was against the great weight of the evidence. 457 U.S. 31, 42 (1982) ("[W]hen a reversal rests upon the ground that the prosecution has failed to produce sufficient evidence to prove its case, the Double Jeopardy Clause bars the prosecutor from making a second attempt at conviction . . ., [but the] policies [underlying this rule] do not have the same force when a judge disagrees with a jury's resolution of conflicting evidence and concludes that a guilty verdict is against the weight of the evidence.").

[conviction for the greater offense] is voided [based on insufficiency of the evidence].

*Greene*, 437 U.S. at 25 n.7.

We proceed to consider petitioner's argument in light of these precedents.

    3.    The OCCA's Decision Was Not "Contrary to" Clearly Established Supreme Court Precedent.

The Court's express reservation in *Greene* disposes of petitioner's argument under the "contrary to" clause of section 2254(d)(1). Because the Court declined to consider whether a State could, consistent with the Double Jeopardy Clause, prosecute a defendant for a lesser included offense in the event that his conviction for a greater offense was reversed based on insufficiency of the evidence, *Greene*, 437 U.S. at 25 n.7, we cannot say that the OCCA's decision was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1). "If no Supreme Court precedent is *dispositive* of a petitioner's claim, then, a fortiori, there is no specific rule to which the state court's decision can be 'contrary.'" *Vieux v. Pepe*, 184 F.3d 59, 63 (1st Cir. 1999) (emphasis in original) (internal quotation marks and citation omitted).

    4.    The OCCA's Decision Was Not an "Unreasonable Application" of Clearly Established Supreme Court Precedent.

Under the "unreasonable application" clause, we may not grant petitioner

-13-

relief unless the OCCA's decision was "objectively unreasonable" under clearly established Supreme Court precedent. *Andrade*, 123 S.Ct. at 1174 (citation omitted). Further, we must accord the OCCA's decision proper deference, and avoid "conflating error (even clear error) with unreasonableness." *Id.* at 1175. With these strictures in mind, we consider the OCCA's actions in light of *Ball*, *Burks*, and *Greene*.

As discussed earlier, under the general rule set forth in *Ball*, the Double Jeopardy Clause does not bar retrial of a criminal defendant who successfully appeals his conviction. In *Burks*, however, the Court carved out a narrow exception to this rule. Under *Burks*, the Double Jeopardy Clause bars the state from reprosecuting a defendant after a reviewing court has reversed the defendant's conviction based on a finding that the evidence was legally insufficient. 437 U.S. at 18. Significantly, as expressly recognized in *Greene*, *Burks* did not consider whether, under the Double Jeopardy Clause, the state may prosecute a defendant for a lesser included offense in the event that his conviction for a greater offense is reversed for insufficient evidence. *Greene*, 437 U.S. at 25 n.7. Further, the Court has subsequently stressed the narrowness of the *Burks* exception. *Tibbs*, 457 U.S. at 40-41.

Two closely related policies support the narrow exception articulated in *Burks*. First, because a reversal for insufficient evidence "means that the

-14-

government's case was so lacking that it should not have even been *submitted* to the jury," the Court considered it to be the functional equivalent of an acquittal. *Burks*, 437 U.S. at 16 (emphasis added). Thus, "the rule barring retrial [is] confined to cases where the prosecution's failure is clear," such that "no rational factfinder could have voted to convict the defendant." *Tibbs*, 457 U.S. at 41 (internal quotation marks and citation omitted).

Second, "'[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.'" *Id.* (quoting *Burks*, 437 U.S. at 11). In other words, after "the government has failed to prove its case," it should not be afforded "a 'second bite at the apple.'" *Burks*, 437 U.S. at 15, 17.

The instant case implicates neither of these policies. First, the appellate court did not conclude that "the government's case was so lacking that it should not have even been submitted to the jury." *Id.* at 16. Rather, the OCCA limited its finding of insufficient evidence to the element distinguishing first and second degree burglary, i.e., the requirement that the breaking and entering occur while the dwelling is occupied. See OKLA. STAT. ANN. tit. 21, § 1431. The OCCA then expressly found that "[t]he evidence clearly showed that Appellants broke into the victim's home, thereby satisfying the lesser included offense of 2nd degree burglary." *Anderson*, No. F-93-826, slip op. at 4 n.1. The record amply supports

-15-

this conclusion.  Thus, the first prong of the *Burks* rationale, as clarified in *Tibbs*, is not implicated by the facts of this case.  The OCCA's reversal "implie[d] nothing with respect to the [defendant's] guilt or innocence" of second degree burglary, since the OCCA limited its finding of insufficient evidence to the element distinguishing first and second degree burglary.  *See Burks*, 437 U.S. at 15.

The second prong of the *Burks* rationale is equally inapplicable.  The OCCA expressly found that the evidence at the first trial was sufficient to impose a conviction for second degree burglary.  Thus, there was no danger that a trial for second degree burglary would afford the government an opportunity to "supply evidence which it failed to muster in the first proceeding." *Tibbs*, 457 U.S. at 41.  Significantly, because the OCCA concluded that the evidence was sufficient to support a conviction for second degree burglary, it was authorized by statute to impose a sentence for that crime.  *See* OKLA. STAT. ANN. tit. 22, § 1066.[7]  Thus, the OCCA's decision to remand the second degree burglary charge

_____

[7] Petitioner does not challenge the OCCA's power under section 1066; and, as the OCCA did not impose a conviction under section 1066, the question is not before us.  We note, however, that numerous courts have upheld an appellate court's entry of judgment on a lesser included offense after a reversal for insufficient evidence for the greater offense. For example, the Third Circuit has held:  "When the evidence is insufficient to support the greater offense, but sufficient to support a conviction on the lesser-included offense, an appellate court may vacate the sentence and remand for entry of judgment of conviction and
(continued...)

-16-

was an unadulterated benefit to petitioner. By remanding the charges *in toto*, rather than imposing a conviction for second degree burglary and remanding the rest of the charges, the OCCA "simply afford[ed] [petitioner] a second opportunity to seek a favorable judgment." *Tibbs*, 457 U.S. at 43. As in *Tibbs*, "[the] appellate court's decision to give the defendant this second chance [did] not create 'an unacceptably high risk that the Government, with its superior resources, [would] wear down [the] defendant' and obtain conviction solely through its persistence." *Id.*

Finally, we note that two circuit courts have addressed the "gap" left by the Supreme Court's express reservation in *Greene*, regarding the double jeopardy implications of prosecution for a lesser included offense following appellate reversal for insufficient evidence of the greater offense. Both courts held that the Double Jeopardy Clause does not bar prosecution for the lesser included offense.

In *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988), the defendant was convicted of intentional killing during the course of a robbery. On direct appeal, the Alabama Court of Criminal Appeals reversed based on the "'total lack of proof of all the essential elements of common law robbery.'" *Id.* at 413. The

[7](...continued)
resentencing under the lesser-included offense." *Gov't of Virgin Islands v. Josiah*, 641 F.2d 1103, 1108 (3d Cir. 1981) (citing cases); *see also United States v. Skipper*, 74 F.3d 608, 611-12 (5th Cir. 1996); *Dickenson v. Israel*, 644 F.2d 308, 309 (7th Cir. 1981).

state then reindicted the defendant and secured a conviction for the lesser included offense of first degree murder. The defendant filed a habeas petition raising double jeopardy arguments similar to those advanced by petitioner in the instant case.

Relying on *Burks*, the defendant argued that appellate reversal of the greater offense for insufficient evidence constituted an acquittal on the greater *and all lesser included offenses*. *Beverly*, 854 F.2d at 415. The Eleventh Circuit disagreed. Relying on *Tibbs*, the court concluded that the policies underlying the *Burks* exception did not apply where the appellate court's "reversal of [the defendant's] conviction . . . did not constitute a decision that the State failed to prove beyond a reasonable doubt the lesser included offense." *Beverly*, 854 F.2d at 415. The court also noted that the defendant "was not subjected to the threat of any greater punishment than he would have received had the Alabama Court of Criminal Appeals rendered judgment on the lesser included offense of murder and remanded the case to the trial court for resentencing," which it was authorized to do. *Id.*

In *Shute v. Texas*, the Fifth Circuit followed the Eleventh Circuit's reasoning in *Beverly* and held that, where a state appellate court is authorized to impose a conviction for a lesser included offense, it also has the power to remand for retrial on the lesser included offense. 117 F.3d 233, 238-39 (5th Cir. 1997).

According to the *Shute* court, "The state had no obligation to grant [the defendant] an opportunity to obtain an acquittal for a crime of which he had already been convicted. [The defendant] cannot complain now of this act of judicial grace." *Id.* at 239.

While we agree, in large part, with the reasoning of both courts, we hesitate to flatly equate the power to impose a conviction for the lesser offense with the power to remand to the trial court. And, however enticing we may find the larger constitutional question, our inquiry is limited to the question set forth in AEDPA: whether the OCCA's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). Based on the foregoing, we conclude that it was not.

### 5. Conclusion

To summarize, in this case, the OCCA: (1) reversed petitioner's conviction for first degree burglary based on insufficient evidence; (2) expressly limited its insufficient-evidence finding to the element distinguishing first degree burglary from second degree burglary, a lesser included offense under Oklahoma law; (3) expressly concluded that the evidence in the record satisfied all the elements of second degree burglary, a conclusion supported by the record; but (4) remanded for trial on second degree burglary, rather than exercising its right under

applicable state law to impose a conviction for second degree burglary.

In light of the Supreme Court's express reservation in *Greene*, the OCCA did not "arrive[] at a conclusion opposite to that reached by [the Supreme] Court on a question of law [nor] . . . decide[] a case differently than [the Supreme] Court . . . on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. Nor did the OCCA identify, but engage in an objectively unreasonable application of, the principles articulated in *Ball*, *Burks*, and *Greene*. *Williams*, 529 U.S. at 413. Accordingly, petitioner's appeal fails.

## C. *Additional Issues*

In our August 7, 2002, order, we requested that the parties brief two additional, subsidiary questions:

(1)     Assuming prosecution on the lesser included offense is permissible, are there other conditions that should affect the availability of such a procedure?

(2)     Should an Indictment and a Jury Instruction on the Lesser Offense Be Required?

Given that the Supreme Court has declined to address the primary issue on appeal, it obviously has not set forth any procedural requirements for its implementation. Thus, the fact that the trial court neither indicted the defendant nor instructed the jury on the lesser included offense does not alter our earlier analysis under section 2254(d)(1).

## III.  Conclusion

For the reasons articulated above, we AFFIRM the district court's denial of petitioner's habeas petition.