**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY LEE MILBURN,

        Petitioner-Appellant,

v.

REGINALD HINES,

        Respondent-Appellee.

No. 05-7007

(E.D. of Okla.)

(D.C. No.CV-01-659-P)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

---

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

Appellant Jeffrey Lee Milburn, an Oklahoma state inmate appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal the district court's order denying relief pursuant to 28 U.S.C. § 2254. Milburn was sentenced to 25 years for endeavoring to manufacture methamphetamine, two years for possession of methamphetamine, two years for possession of a firearm while

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

committing a felony, and two years for the possession of a police scanner while committing a felony. The sentences were to run consecutively. In his petition for habeas corpus he raised three issues: (1) his convictions for manufacture and possession of methamphetamine violated prohibitions against "double punishment" and double jeopardy; (2) the evidence obtained against him was the result of an illegal search and seizure; and (3) the sentence imposed against him was overly excessive.

## Analysis

The parties are familiar with the facts of the case and we need not repeat them here. It is well settled that a petitioner is not entitled to receive a COA unless he can make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

*Double Jeopardy.* Milburn argues the court imposed double punishment by sentencing him twice for the same drug crime, in violation of the Double Jeopardy Clause. Milburn was sentenced once for endeavoring to manufacture methamphetamine and once for unlawful possession of methamphetamine. The Double Jeopardy Clause protects defendants against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense

after conviction; and (3) multiple punishments for the same offense. *Anderson v. Mullin*, 327 F.3d 1148, 1153-54 (10th Cir. 2003). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

Milburn has not met this standard. The statutes under which he was convicted have different elements and require distinct and separate proof. As defined by the instructions put forth to the jury in this case, a conviction for endeavoring to manufacture methamphetamine requires only that the defendant exert physical and intellectual strength, or put forth a systematic effort, toward the attainment of manufacture of methamphetamine. No evidence of actual methamphetamine is necessary, and a conviction for this crime can be satisfied without physical evidence of methamphetamine. In contrast, a conviction for possession of methamphetamine requires actual possession of the substance and does not require proof that the possessor put forth an effort to manufacture it. Thus, each crime requires evidentiary proof that the other does not. Since Milburn was not sentenced twice for the same crime, but for different crimes altogether, resolution of this issue is not debatable under *Slack* and it does not merit the grant of a COA.

*Illegal Search.* Regarding Milburn's second claim, it is well settled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment Claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *See Cannon v. Gibson*, 259 F.3d 1253, 1259 (10th Cir. 2001) (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)). In fact, Milburn appealed this issue to the Oklahoma Court of Criminal Appeals, which found that he had consented to the challenged search. *See Milburn v. State*, No. F-2000-100 (Okla. Crim. App., Feb. 7, 2001). Because we agree with the district court that Milburn received a full and fair hearing on his Fourth Amendment claim, this claim was properly denied and COA is not appropriate.

*Excessive Sentence.* Milburn's final claim is that his sentence was so excessive it violated the Constitution's prohibition against cruel and unusual punishment. The Supreme Court has held that the Eighth Amendment prohibits a sentence disproportionate to the severity of the crime. *See Hawkins v. Hargett* 200 F.3d 1279, 1281 (10th Cir. 1999) (citing *Hamelin v. Michigan*, 501 U.S. 957 (1991)). Our case law on the subject has found a violation of the Eighth Amendment where there was "gross disproportionality" between a defendant's sentence and his crime. *Hawkins*, 200 F.3d at 1282. In determining the existence of "gross disproportionality," we weigh a variety of factors, including the

seriousness of the crime, the fit between the punishment and the crime, and the existence of legislative determinations of an appropriate sentence range. *See id.* at 1284-85.

Milburn received consecutive sentences of 25 years for his manufacturing conviction, and 2 years each for his other crimes. We find no disproportionality with respect to this sentence. First, Milburn's crimes were serious, and there is therefore a "fit between [the] punishment and [the] crime." *Id.* at 1284. Second, his sentence is fully consistent with the applicable range under Oklahoma law. Finally, these ranges compare favorably with federal sentencing guidelines. In light of these benchmarks, we cannot say Milburn's punishment is grossly disproportionate to his crimes. We therefore agree with the district court that Milburn's sentence does not violate the Eighth Amendment.

Accordingly, we DENY the request for COA and DISMISS the case. We grant Milburn's motion to proceed in forma pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge