FILED
United States Court of Appeals
Tenth Circuit

March 26, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON LOSSIAH,

Defendant - Appellant.

No. 07-2087

D. N.M.

(D.C. No. CIV-06-467-MV)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Jason Lossiah, a federal prisoner, filed a *pro se* 28 U.S.C. § 2255 motion to

vacate, set aside or correct his sentence.[1] The district court, adopting the

magistrate judge's recommendation, denied the motion. Lossiah filed a notice of

---

[1] *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir.2003).

appeal with the district court and an application for a Certificate of Appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(B). The district court denied his application. Lossiah renews his application for a COA with this Court and requests permission to proceed *in forma pauperis* (*ifp*).[2] We deny a COA, but grant his request to proceed *ifp* and dismiss his application.

## I. BACKGROUND

In 2002, Lossiah was convicted by a jury of four counts of sexual assault. He filed a post-trial motion for acquittal as a matter of law or, in the alternative, a new trial. The district court denied Lossiah's motion for acquittal because it could not "second-guess" the jury's determination of witness credibility and, viewing the evidence in the light most favorable to the government, determined a rational juror could have found Lossiah guilty beyond a reasonable doubt. (R. Vol. I, Doc. 14 at 2.) The court granted Lossiah's motion for a new trial based on improper admission of evidence coupled with the court's assessment, as a "thirteenth juror," of the credibility of the witnesses. (*Id.*) Lossiah's second trial was declared a mistrial when the government's expert witness cried during her testimony. A third trial culminated in a guilty verdict on two counts. Lossiah again filed a motion for judgment of acquittal, or in the alternative, a new trial. The court denied this motion and sentenced Lossiah to 121 months

---

[2] Lossiah did not proceed *ifp* below and did not file a request with the district court to permit *ifp* on appeal.

imprisonment.

Lossiah appealed, claiming the evidence was insufficient to support his conviction and the verdicts were inconsistent. We affirmed his conviction. *United States v. Lossiah*, 129 Fed. Appx. 434 (10th Cir. 2005). His subsequent motion for reconsideration and rehearing in this Court, as well as his petition for writ of certiorari in the United States Supreme Court, were denied. *Lossiah v. United States*, 126 S.Ct. 465 (2005).

Lossiah filed the instant § 2255 motion on June 5, 2006, alleging his second and third trials violated the Double Jeopardy Clause and his counsel was ineffective in failing to raise the double jeopardy issue at the second and third trials or on appeal.[3] The district court referred Lossiah's motion to a magistrate judge, who's report and recommendation determined: (1) Lossiah's second and third trials did not violate the Double Jeopardy Clause because the district court denied his motion for acquittal, and (2) counsel was not ineffective for failing to raise a meritless issue. Lossiah objected to the magistrate judge's conclusions. After de novo review, the district court adopted the magistrate judge's recommendations and denied Lossiah's § 2255 motion and his later application

---

[3] Lossiah dos not claim he objected or opposed the declaration of mistrial at his second trial or that it has any effect on his double jeopardy argument. *See Walck v. Edmondson*, 472 F.3d 1227, 1236 n.4 (10th Cir. 2007) ("Where a defendant requests or consents to a mistrial, there is no bar to retrial unless the government acted in a manner intended to induce a request for mistrial."). Rather, he maintains the ultimate result of the first trial foreclosed the second and third trials.

for a COA.

## II. DISCUSSION

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Lossiah makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). We review the district court's factual findings for clear error and its legal conclusions *de novo*. *English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001).

"The Double Jeopardy Clause protects defendants against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Anderson v. Mullin*, 327 F.3d 1148, 1153 (10th Cir. 2003) (quotations omitted). "Before the clause is implicated, however, some event, such as an acquittal, must terminate the original jeopardy." *Id.* Lossiah insists that, because the district court used the words "insufficient evidence" when granting his new trial, it was a judgment of acquittal. As recognized by the magistrate judge and the district court, however, his request for acquittal was flatly denied. The

court's grant of a new trial is not the equivalent of an acquittal terminating the original jeopardy. *See Tibbs v. Florida*, 457 U.S. 31, 42 (1982) (A judge's disagreement with a jury's resolution of conflicting evidence does not have the same force as an acquittal.) As the Supreme Court observed:

> A reversal [based] on [the court's assessment of conflicting evidence], unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict. Instead, the appellate court sits as a "thirteenth juror" and disagrees with the jury's resolution of the conflicting testimony. This difference of opinion no more signifies acquittal than does a disagreement among the jurors themselves. A deadlocked jury, we consistently have recognized, does not result in an acquittal barring retrial under the Double Jeopardy Clause.

*Id.* While the district court's choice of the phrase "insufficient evidence" when granting the new trial may have confused Lossiah, the jury's verdict was not set aside for insufficient evidence. Double jeopardy did not attach.

Counsel is not ineffective by failing to raise a meritless issue, thereby vitiating Lossiah's ineffective assistance claim. *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) ("When, as here, the basis for the ineffective assistance claim is the failure to raise an issue, we must look to the merits of the omitted issue. If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance.") (citation omitted).

We **DENY** a COA and **DISMISS** Lossiah's application.  Lossiah's motion to proceed *ifp* is **GRANTED**.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge