**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER RAY CALVERT,

　　　　Petitioner-Appellant,

v.

WALTER DINWIDDIE,

　　　　Respondent-Appellee.

No. 11-5044

(N.D. of Okla.)

(D.C. No. 07-CV-00714-TCK-FHM)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Christopher Ray Calvert, an Oklahoma state prisoner, challenges the

district court's denial of his petition for a writ of habeas corpus under 28 U.S.C.

§ 2254, arising from his conviction for attempted kidnaping and use of a weapon

in the commission of a felony. He contends his counsel was constitutionally

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

ineffective.  In July 2011, we granted Calvert a COA and asked the parties to file supplemental briefing addressing the ineffectiveness issue.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we now DENY Calvert's request for an evidentiary hearing, and AFFIRM the district court's opinion.

# I.  Background

In 2005, a woman was kidnaped near her Tulsa, Oklahoma apartment complex.  As she approached the stairway leading to her apartment, she was intercepted by a man carrying what appeared to be a handgun.  At the time, the woman was talking with her mother on her cellphone.  With the gun pointed at the woman, the kidnaper demanded she drive him to the Creek Nation Casino, which was less than one mile from the apartment complex.

The woman refused to get in her car with the man and implored her mother to call the police.  Thwarted, the man fled in the direction of the casino.  The woman described her assailant to the police and, soon thereafter, officers arrested Christopher Calvert at the casino.  The police found a pocket knife in Calvert's pants and, after reviewing security tapes, found the BB gun he had hidden beside the casino's air conditioning unit.

Following a jury trial, Calvert was convicted of attempted kidnaping and using a weapon in the commission of a felony.  In accordance with the jury's

recommendation, Calvert was sentenced to 25 years' imprisonment for the attempted kidnaping count and an additional 20 years' imprisonment for the weapons count—for a total of 45 years' imprisonment. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Calvert's conviction on direct appeal.

Calvert then filed a state habeas corpus petition, which the Oklahoma district court denied. The OCCA affirmed the denial of post-conviction relief.

In 2007, Calvert filed a federal habeas corpus petition, in which he contended: (1) his counsel was constitutionally ineffective, both at trial and on appeal; (2) insufficient evidence supported his attempted kidnaping conviction; (3) he was subjected to an improper sentencing enhancement on the weapon charge; (4) his right against double jeopardy was violated; (5) the prosecution engaged in misconduct; and (6) his sentence is substantively excessive. The district court denied Calvert's petition and denied him a certificate of appealability (COA).

Calvert then sought a COA from this court to enable him to appeal the denial of his federal habeas petition. He renewed only his ineffective assistance of counsel claim. In July 2011, we granted Calvert a COA and asked the parties to file supplemental briefing addressing the ineffectiveness issue.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a limited scope of review by federal courts of state court decisions on the merits.  A federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (2).

Under the "contrary to" clause, we grant relief "only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts."  *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and quotation marks omitted).  Relief is provided under the "unreasonable application" clause only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Id.* (quotation marks omitted).  "Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.*; *see also*

-4-

*Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir. 2006) ("[W]e may not grant habeas relief merely because we disagree with the state court's application of [constitutional] principles.") (quoting *Anderson v. Mullin*, 327 F.3d 1148, 1153 (10th Cir. 2003)).

Calvert contends his trial counsel provided ineffective assistance by (1) misleading him regarding the elements of Oklahoma's kidnaping statute, and (2) neglecting to advise him of a plea offer made by the prosecution. He also contends his appellate counsel's assistance was deficient because he failed to raise meritorious issues. Finally, Calvert asks for an evidentiary hearing.

The OCCA addressed and rejected Calvert's ineffective assistance claims on their merits:

> With regard to Petitioner's claims of ineffective assistance at all phases of trial and appeal of his conviction, we find no basis for granting relief on this blanket claim of error. . . . [T]he standard to be used in evaluating trial and appellate counsel's performance is determined under the general principles enumerated in *Strickland v. Washington* . . . . [Petitioner] must show that counsel's performance was deficient and that the deficiency prejudiced him. We find nothing in the appeal record presented to this Court indicating that Petitioner's representation pre-trial, at trial, and on direct appeal was deficient.

R., Vol. I at 194. The district court agreed, albeit for slightly different reasons.

To prevail on a claim for ineffective assistance of counsel, Calvert must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687

-5-

(1984). A petitioner demonstrates deficient performance by showing counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The challenge for a petitioner is even greater under § 2254, as our review of state court decisions in such circumstances is "doubly deferential." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1421 (2009). When assessing a state prisoner's ineffective assistance of counsel claim on habeas review, we "defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how best to represent a client." *Crawley v. Dinwiddie*, 584 F.3d 916, 922 (10th Cir. 2009). We also recognize that, "because the *Strickland* standard is a general standard, a state court has . . . more latitude to reasonably determine that a defendant has not satisfied [the] standard." *Knowles*, 129 S. Ct. at 1420 (citation omitted). Under this standard, Calvert has not shown the OCCA misapplied the deficient performance or prejudice standards required under *Strickland*.

## A. Kidnaping

First, Calvert alleges his trial counsel misled him into believing the kidnaping statute required the prosecution to prove that he had "secretly confined" the victim. He contends he would have pleaded guilty had he known

that secret confinement was no longer a prerequisite to conviction under the statute.

Calvert is correct that an earlier version of Oklahoma's kidnaping statute required that the victim be "*secretly* confined or imprisoned . . . against his will," *see* Okla. Stat. tit. 21, § 741 (1999) (emphasis added). He is also correct that in July 2004, the statute was amended to delete the word "secretly," *see* Okla. Stat. tit. 21, § 741 (2009). The statute, as amended, should have been applied to Calvert's conduct. But it was not. Instead, he was charged and convicted under the prior version of the statute.

Consequently, as the OCCA and district court recognized, Calvert could not have been prejudiced because the outdated version of the statute was more favorable to his cause. *Cf. Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). As reflected in the jury instructions, the court required the prosecution to prove, and the jury to find, that Calvert "secretly confined" the victim. Thus, it does not matter whether Calvert's counsel misapprehended the governing law. Given that the jury found he secretly confined his victim, there was no prejudice.

**B. Plea Deal**

Second, Calvert alleges his trial counsel neglected to inform him of the prosecution's offer of 8 years' imprisonment in exchange for a guilty plea.

Calvert admits he rejected 10- and 12-year plea offers, but in an affidavit filed in district court he says he would have accepted any offer of less than 10 years' imprisonment.

The Sixth Amendment right to counsel applies to representation during the plea process, *see Hill v. Lockhart*, 474 U.S. 52, 57 (1985). But failure to communicate a plea offer would only be prejudicial if the record shows the defendant would have been reasonably likely to accept the plea offer, had he known of it. *See Williams v. Jones*, 571 F.3d 1086, 1094 (10th Cir. 2009) (a defendant is prejudiced when "had he been adequately counseled, there is a reasonable probability that he would have accepted the plea offer [rather than proceed with trial]"); *see also Hill*, 474 U.S. at 59 (the prejudice component "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process").

Calvert contends documents attached to his federal habeas application demonstrate his counsel's ineffectiveness. First, he attached letters from his trial and direct appeals counsel, which suggest he was likely offered 8 years' imprisonment in exchange for a guilty plea. In addition, Calvert submitted an affidavit stating he was never notified of the 8-year offer, and further, that he expressly told his counsel he would have accepted any offer requiring less than 10 years' imprisonment.

The problem for Calvert is that none of these documents was part of the state-court record for Calvert's state habeas review, and the Supreme Court has held that AEDPA precludes us from relying on them. In *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), the Court held that our review of a state court's decision under § 2254(d)(1) may only consider whether the state court's decision was unreasonable *given the record before it*. The Court explained:

> [R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time—i.e., the record before the state court.
>
> *    *    *
>
> It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.

*Id.* at 1398, 1399.

The record before the OCCA at the time it reviewed Calvert's ineffective assistance claim contained no evidence that Calvert's representation was deficient or would establish prejudice. Without the letters from the prosecution or Calvert's affidavit, the OCCA had no reason beyond a conclusory statement in his petition to suspect Calvert's counsel failed to communicate any plea offer or that if he had, the plea negotiations would have been different. Calvert made no

attempt to substantiate his ineffective assistance claim, either by attaching evidence or requesting an evidentiary hearing. Therefore, given the record before the state court at the time it reviewed the petition, we cannot conclude the OCCA misapplied *Strickland* in finding that "nothing in the record presented to [the OCCA] indicat[es] that Petitioner's representation pre-trial, at trial, and on direct appeal was deficient." R., Vol. I at 194.

Further, even if we were to consider the documents Calvert submitted to the district court, Calvert's argument would fail. The record gives no strong indication that Calvert's counsel withheld any information regarding a plea offer from the state, and there is no indication at all, besides a conclusory affidavit, that Calvert would have accepted an 8-year plea offer.

In fact, contrary to Calvert's assertions, we agree with the district court that Calvert *would not* have accepted an 8-year offer. On the second day of trial, Calvert told the court that he rejected a 12-year plea offer (and perhaps a 10-year offer as well), and he expressly stated his desire to proceed with trial:

> Counsel: I've had extensive conversations with Mr. Calvert about going to trial in this matter, and I'd just like to put on the record that I do advise him that this is against my advice that he go to trial in this particular matter. I believe that he had an offer, may not be the best offer in the world, but that he is facing a minimum of 26 years, and under the facts and circumstances of this case, I feel that it's not in his best interests to go to trial in this particular case.

The Court: And you've told me an offer has been conveyed to him. What's that?

Counsel: Twelve years, Your Honor.

The Court: And —

Counsel: It would have required that there only be one on the second page. Everything would have been dropped except for one on the second page.

The Court: You understand that to be the offer, Mr. Calvert, and you are choosing to reject that and you want to go to trial; is that true?

Calvert: I understood an offer, an opportunity of ten.

The Court: No. I don't know if that's — we're not going down memory lane. The offer today apparently is 12 years striking the second page all but the former conviction, $500 fine, 250 VCF, and the like. So that's the offer today from the State of Oklahoma should you choose to plead guilty.

Calvert: Okay. I understand.

The Court: And you want to continue the trial; is that true?

Calvert: Yes, sir.

Supp. R. at 63.

It is clear that, despite the government's plea offers, Calvert unequivocally desired to proceed to trial. The record also shows Calvert's primary defense was that he was factually innocent; he took the stand and testified the state misidentified him. For these reasons, even if Calvert was not apprised of an offer

of 8 years, no reasonable jurist could debate the OCCA misapplied the prejudice standard set forth in *Strickland*.

## C. Other Issues

Third, Calvert contends his appellate counsel was ineffective because he "failed to present . . . the issues most likely to warrant relief . . . ." Aplt. Br. at 12. We construe this as a challenge to appellate counsel's failure on direct appeal to allege that trial counsel was ineffective. In assessing appellate counsel's assistance under *Strickland*, we examine the merits of the omitted issue. *See Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). "[I]f the issue is meritless, its omission will not constitute deficient performance." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). And even if the issue is meritorious but not obviously compelling, we "assess[] [] the issue relative to the rest of the appeal" and give "deferential consideration . . . to any professional judgment involved in its omission." *Id.* Here, because Calvert's ineffective assistance of trial counsel arguments are meritless, appellate counsel was not ineffective for failing to raise them.

## D. Evidentiary Hearing

Finally, Calvert asks for an evidentiary hearing to develop the factual record relating to his ineffective assistance allegations. A habeas applicant who has "failed to develop the factual basis of a claim in State court proceedings" is entitled to an evidentiary hearing if his claim relies on "a new rule of

-12-

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2). Once these prerequisites are met, an evidentiary hearing is appropriate only if "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2254(e)(2)(B).

The Supreme Court has limited the situations where a habeas applicant is entitled to an evidentiary hearing. In *Pinholster*, 131 S. Ct. at 1400–01, the Court explained that, for claims that have been adjudicated on the merits by a state court, "a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before th[e] state court." *Id.* at 1400. While this would seem to severely limit § 2254(e)(2)'s evidentiary hearing provision, the Court explained that § 2254(e)(2) remains in "force where § 2254(d)(1) does not bar federal habeas relief," such as where the petitioner's claim was not adjudicated on the merits by the state court. *Id.* at 1401. There is no doubt, however, that *Pinholster* bars an evidentiary hearing in cases such as this one, where, because the OCCA denied Calvert's ineffective assistance claim on the merits, his habeas claim is subject to review under § 2254(d)(1). This application of *Pinholster* dovetails with the purpose of §§ 2254(d)(1) and 2254(e)(2), which is to promote

-13-

"comity, finality, and federalism by giving state courts the first opportunity to review [a] claim, and to correct any constitutional violation in the first instance." *Id.* (quotation omitted).

Therefore, we deny his request for an evidentiary hearing.[1]

# III. Conclusion

For the reasons stated above, we DENY Calvert's request for an evidentiary hearing,  and AFFIRM the district court's opinion.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

---

[1] Even if we found *Pinholster* did not preclude an evidentiary hearing, we nevertheless would find § 2254(e)(2) precludes an evidentiary hearing. Calvert's claim does not rely on a new rule of constitutional law, nor does it rely on "a factual predicate that could not have been previously discovered through the exercise of due diligence . . . ." 28 U.S.C. § 2254(e)(2)(A)(ii). Indeed, he did not diligently develop the factual record in state court. In presenting his ineffective assistance claim in state post-conviction proceedings, Calvert never requested an evidentiary hearing, never attached any documentary evidence, and never attempted to supplement the record. We have every reason to believe that the letters from Calvert's trial and appellate counsel, which Calvert provided to the district court, were readily available to him when he filed his application for state post-conviction relief. In short, Calvert has not met the requirements for an evidentiary hearing under § 2254(e)(2).