**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PETER BELLAR,

    Petitioner - Appellant,

v.

ANDRE STANCIL, Executive Director,
Colorado Department of Corrections;
PHILIP WEISER, Attorney General, State
of Colorado,

    Respondents - Appellees.

No. 24-1450
(D.C. No. 1:23-CV-02487-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Peter Bellar, a Colorado prisoner, applies for a certificate of appealability (COA)

under 28 U.S.C. § 2253(c) to challenge the district court's denial of his 28 U.S.C. § 2254

habeas corpus application.  We deny a COA.

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background[1]

In 2010, Bellar was involved in a marijuana transaction in which he shot and killed one of the two sellers.  He was charged with felony murder and two counts of aggravated robbery.[2]  At a first trial, the jury hung on the felony murder charge, on which it was instructed the predicate felonies were aggravated robbery, or robbery, or the attempt of either.  It found Bellar not guilty of aggravated robbery.  The verdict form did not include a verdict or findings on robbery or attempted robbery.

The state retried Bellar for felony murder, with the predicate felonies of robbery or attempted robbery, but not aggravated robbery.  The second jury convicted him of felony murder.

Bellar appealed, arguing his second trial and conviction violated the Double Jeopardy Clause by (1) subjecting him to successive prosecutions for the same offense and (2) requiring proof of factual issues that were resolved in his favor at the first trial. The Colorado Court of Appeals (CCA) rejected both arguments and affirmed.  *See People v. Beller* [*sic*],[3] 411 P.3d 1145, 1148–53 (Colo. App. 2016).  The Colorado Supreme Court denied certiorari and the Colorado courts denied Bellar's petition for

---

[1] The previous opinions of the district court and the Colorado Court of Appeals describe the underlying facts and evidence in greater detail which we do not repeat. *See* R. at 411–32; *Bellar v. Stancil*, No. 1:23-cv-02487-GPG (D. Colo. Oct. 31, 2024) (denying § 2254 application); *People v. Bellar,* No. 21CA1502, 2023 WL 12057374 (Colo. App. Mar. 9, 2023) (affirming denial of post-conviction relief); *People v. Beller* [*sic*], 411 P.3d 1145 (Colo. App. 2016) (affirming conviction on direct appeal).

[2] Bellar was also charged with felony menacing and convicted on that count at the first trial.  That conviction does not affect our analysis.

[3] The CCA used the spelling "Beller." *See* 411 P.3d at 1147 n.1.

post-conviction relief.  He then filed a § 2254 application for habeas corpus relief in federal district court, raising the same two double jeopardy claims he argued on direct appeal.  The district court denied his § 2254 application and denied a COA.

## II. Legal Standards

To appeal, Bellar must obtain a COA.  28 U.S.C. § 2253(c)(1)(A).  To do so, he must show that "reasonable jurists could debate whether (or, for that matter, agree that) [his § 2254 application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Evaluation of Bellar's COA application also incorporates the "deferential treatment of state court decisions" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *Pacheco v. El Habti*, 62 F.4th 1233, 1247 (10th Cir. 2023) (internal quotation marks omitted).  "AEDPA imposes a formidable barrier to federal habeas relief for petitioners whose claims have been adjudicated on the merits in state court."  *Cortez-Lazcano v. Whitten*, 81 F.4th 1074, 1083 (10th Cir. 2023) (brackets and internal quotation marks omitted).  Bellar can obtain relief only if "the state-court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"  *Pacheco*, 62 F.4th at 1247 (quoting § 2254(d)(1)).[4]

---

[4] A § 2254 applicant can also obtain relief if the state court's decision "was based on an unreasonable determination of the facts."  *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008) (citing § 2254(d)(2)).  Bellar has not argued for relief on that basis.

3

"[I]t is insufficient to show that the state court's decision was merely wrong or even clear error. The prisoner must show that a state court's decision is so obviously wrong that no reasonable judge could arrive at the same conclusion given the facts of the prisoner's case." *Meek v. Martin*, 74 F.4th 1223, 1248 (10th Cir. 2023) (citation and internal quotation marks omitted). "[S]o long as fairminded jurists could disagree on the correctness of the state court's decision," we will not grant relief under § 2254. *Id.* (internal quotation marks omitted).

### III. Discussion

#### A.     *Loper Bright* Challenge to Deferential Application of § 2254

Bellar first argues that the deferential review of state-court decisions under § 2254, summarized above, is unconstitutional based on *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). But we need not decide whether to issue a COA on this argument because Bellar did not preserve it in district court and does not argue for plain-error review. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) ("When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily . . . decline to review the issue at all—for plain error or otherwise.").

#### B.     Double Jeopardy Claims

Under the standards of §§ 2253(c) and 2254(d)(1), Bellar is not entitled to a COA.

4

### 1.    Successive Prosecution Claim

The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal." *United States v. Isabella*, 918 F.3d 816, 846 (10th Cir. 2019) (internal quotation marks omitted).  The CCA rejected this claim.  Citing *Richardson v. United States*, 468 U.S. 317, 324–25 (1984), it observed that "[t]he failure of the jury to reach a verdict . . . is not an event that terminates jeopardy," and therefore concluded Bellar's retrial for felony murder "[did] not offend the Double Jeopardy Clause." *Beller*, 411 P.3d at 1149.  It concluded that he "was not subjected to successive prosecutions," because Colorado "prosecuted him for felony murder and the aggravated robberies through the same information in the same case." *Id.*

Seeking § 2254 relief, Bellar argues the CCA's decision was "contrary to" *Price v. Georgia*, 398 U.S. 323 (1970), *Smith v. Massachusetts*, 543 U.S. 462 (2005), and *McElrath v. Georgia*, 601 U.S. 87 (2024).  Aplt. Opening Br. at 36–37, 39.  The district court in rejecting this claim correctly recognized that the "threshold question" under § 2254(d)(1) is whether Bellar's claim is based on "'clearly established law, consist[ing] of Supreme Court holdings in cases where the facts are at least closely-related or similar to'" Bellar's facts.  R. at 415 (quoting *House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008)).  Unlike these cases, Bellar did not face a second trial on the same charge for which he had been previously acquitted.  Bellar was not acquitted of felony murder, or of robbery, or attempted robbery.  The CCA's decision did not "(a) . . . contradict[] the governing law set forth in Supreme Court cases or (b) . . . confront[] a set of facts that are materially indistinguishable from a decision of the Supreme Court . . . [yet] nevertheless

5

arrive[] at a result different from that precedent." *House*, 527 F.3d at 1018 (brackets and internal quotation marks omitted).

The district court found the facts of Bellar's case are unlike those in which *Price*, *Smith*, and *McElrath* recognized double jeopardy violations. We agree.

Bellar has not shown a COA is warranted to appeal the district court's rejection of this claim. Reasonable jurists could, at least, disagree whether the facts of Bellar's case are sufficiently similar to *Price, Smith*, *or McElrath* for any of those cases to constitute "clearly established law" to which the CCA's decision could be "contrary."[5] *See House*, 527 F.3d at 1016 n.5 (noting that clearly established law does not arise from application of "general legal principles developed in factually distinct contexts").

Bellar has not identified any controlling Supreme Court precedent to which the CCA's decision was contrary so we deny his request for a COA. *See Anderson v. Mullin*, 327 F.3d 1148, 1155 (10th Cir. 2003); *Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 2014) (stating § 2254 relief may be granted "only when the petitioner shows there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents" (brackets and internal quotation marks omitted)).

---

[5] Our reason for rejecting Bellar's claim may differ somewhat from the district court's conclusion that *McElrath* was "not applicable" and the CCA's opinion was not clearly contrary to *Price* or *Smith*. *See* R. at 424–26. However, we may deny a COA on this alternative legal ground, which was developed below and is supported by the record. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

6

### 2. Issue Preclusion

Bellar's second double jeopardy claim is based on the doctrine of issue preclusion (i.e., collateral estoppel), that *Ashe v. Swenson*, 397 U.S. 436, 445 (1970), and *Yeager v. United States*, 557 U.S. 110, 119–20 (2009), held is incorporated by the Double Jeopardy Clause. The doctrine provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties." *Owens v. Trammell*, 792 F.3d 1234, 1243 (10th Cir. 2015) (internal quotation marks omitted). "*Ashe* forbids a second trial only if to secure a conviction the prosecution must prevail on an issue the jury necessarily resolved in the defendant's favor in the first trial." *Currier v. Virginia,* 585 U.S. 493, 499 (2018). "A second trial is not precluded simply because it is unlikely—or even very unlikely—that the original jury acquitted without finding the fact in question." *Id.* at 500 (internal quotation marks omitted).

The CCA rejected his claim. It concluded from the trial evidence that the first jury could have acquitted Bellar of aggravated robbery because it found he either "did not take anything of value from the victims," and/or "did not *knowingly* wound or strike the victim with a deadly weapon." *Beller*, 411 P.3d at 1152; *see also* R. at 258–59. Because the second jury could find Bellar committed attempted robbery without taking anything of value, or committed robbery without knowingly wounding the victim,[6] the CCA

---

[6] Conviction for felony murder also did not require proof that Bellar knowingly wounded the victim. *See People v. Gallegos*, 572 P.3d 136, 143 (Colo. 2025), *as modified on denial of reh'g* (Aug. 4, 2025) ("Felony murder is a strict liability crime; there is no requirement that the defendant intended the victim's death.").

concluded "the acquittal on the aggravated robbery charges did not necessarily decide whether Bell[a]r engaged in simple or attempted robbery." *Beller*, 411 P.3d at 1153. The district court agreed: "[T]he first jury's verdict . . . did not say anything about whether Mr. Bellar had *attempted* to rob someone or . . . committed robbery but did not *knowingly* wound or strike someone . . . . Thus, the second jury's verdict . . . was based on issues that were not necessarily decided by the first jury's verdict." R. at 431.

Seeking a COA and § 2254 relief, Bellar relies on *Ashe's* direction that courts should apply issue preclusion in criminal cases "with realism," and "in a practical frame . . . with an eye to all the circumstances of the proceedings," rather than "with the hypertechnical and archaic approach of a 19th century pleading book." *Ashe*, 397 U.S. at 444 (internal quotation marks omitted). Bellar claims the CCA's analysis was contrary to those statements from *Ashe*, or unreasonably applied them, because the CCA did not adequately consider the nature of his trial defense. We are unpersuaded.

The facts of *Ashe* and *Yeager* are too unlike those here for the CCA's decision to be "contrary to" clearly established law drawn from those cases under § 2254(d)(1). *See House*, 527 F.3d at 1016–17 & n.5. And given the generality of the rule on which he relies, Bellar also has not shown the CCA's application of *Ashe* or *Yeager* was "so obviously wrong that no reasonable judge could arrive at the same conclusion." *Meek*, 74 F.4th at 1248 (internal quotation marks omitted); *see also id.* at 1263 (stating that under AEDPA, "[g]eneral rules . . . offer [state] courts greater leeway in reaching outcomes in case-by-case determinations" (internal quotation marks and ellipsis omitted)). Rather, the CCA gave a reasonable explanation for concluding the first jury "could have grounded its

verdict upon an issue other than that which [Bellar] seeks to foreclose from consideration." *Ashe*, 397 U.S. at 444. The district court found that decision was not obviously or objectively wrong. And because reasonable jurists would not debate that conclusion, we deny a COA on Bellar's issue preclusion claim.

### IV. Conclusion

Because we conclude reasonable jurists would not debate whether the district court should have resolved Bellar's § 2254 application in a different manner, we deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk